[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13403
Non-Argument Calendar
_____

D.C. Docket No. 2:11-cr-14054-JEM-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GEOVANI ALEXANDER SALES,
a.k.a. Geovani Alexander Sales-Velasquez,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 6, 2013)


Before TJOFLAT, PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Geovani Alexander Sales appeals his 97-month total prison sentence imposed after he pled guilty to conspiracy to commit robbery, in violation of 18 U.S.C. § 1951(a); carrying and possessing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A), (o); and illegal reentry into the United States, in violation of 8 U.S.C. § 1326(a)(1), (b)(1).  Sales contends the district court erred in applying a two-level aggravating-role enhancement, pursuant to U.S.S.G. § 3B1.1(c), because the facts are insufficient to support the enhancement.

Section 3B1.1(c) provides a two-level increase "[i]f the defendant was an organizer, leader, manager, or supervisor in any criminal activity" that involved fewer than five participants or was not "otherwise extensive" within the meaning of § 3B1.1(a) and (b).  U.S.S.G. § 3B1.1(c).  A defendant's assertion of control over only one other participant is sufficient to sustain a § 3B1.1(c) role enhancement.  *Id.* § 3B1.1, comment. (n.2); *United States v. Mandhai*, 375 F.3d 1243, 1248 (11th Cir. 2004).  A "participant" is a person who is criminally responsible for the offense, even if not convicted.  U.S.S.G. § 3B1.1, comment. (n.1).  In *Mandhai*, we determined that the district court properly applied a § 3B1.1(c) enhancement where the defendant recruited one other individual into a terrorist plot, prompted that individual to purchase weapons, and briefed him on the bombing plan.  *Mandhai*, 375 F.3d at 1248.

2

Additionally, the commentary to § 3B1.1 sets out several factors for courts to consider in determining if one is an organizer or leader, as opposed to a mere manager or supervisor, including the following: (1) the defendant's exercise of decision making authority; (2) recruiting accomplices; (3) the claimed right to a larger share of the proceeds; (4) the degree of participation in planning or organizing the crime; and (5) the degree of control and authority exercised over others.  U.S.S.G. § 3B1.1, comment. (n.4).

Sufficient facts support the district court's application of the § 3B1.1(c) aggravating-role enhancement.[1]  Sales, along with one other participant, organized and planned the robbery.  Sales recruited a third co-conspirator.  Similar to the defendant in *Mandhai*, who exercised control or influence over a recruit by prompting him to buy a weapon and briefing him on the bombing plot, Sales discussed the robbery with his recruit and directed him where and when to drive. *See Mandhai*, 375 F.3d at 1248.  Additionally, Sales decided how to compensate each participant from the robbery's proceeds and planned to keep the bulk of the

---

[1]  While Sales contends the Government did not prove the facts relied on for the enhancement with "reliable and specific evidence," *see United States v. Cataldo*, 171 F.3d 1316, 1321 (11th Cir. 1999), Sales admitted the facts as set forth in the PSI at sentencing.  *See* Sentencing Transcript at 4-5.  Thus, the facts were undisputed and met the "reliable and specific evidence" standard.

proceeds for himself.  Accordingly, the district court did not clearly err[2] in

determining that Sales was subject to an aggravating-role enhancement under

§ 3B1.1(c).  We affirm Sales' total sentence.

**AFFIRMED.**

---

[2]  We review for clear error the district court's determination that a defendant is subject to an aggravating-role enhancement under § 3B1.1(c).  *United States v. Jiminez*, 224 F.3d 1243, 1250-51 (11th Cir. 2000).